UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
GLUCO PERFECT, LLC, U.S. HEALTH & HOME :
CARE, INC., and JOY MERNONE, Individually and in :
her capacity as Executor of the Estate of Kevin R. :
Mernone, and derivatively on behalf of PERFECT CARE, : Index No.:
INC. :
:
:
                Plaintiffs, :
:
    - against -                       : **ORDER TO SHOW CAUSE**
: **FOR TEMPORARY**
: **RESTRAINING ORDER AND**
PERFECT GLUCO PRODUCTS, LLC, USHH : **PRELIMINARY INJUNCTION**
PRODUCTS, INC., FRANCINE FREIMAN, WILLIAM :
J. GILLEN, ANDRE RAMNAUTH and JOHN AND :
JANE DOES 1 THROUGH 10, :
:
                Defendants. :
:
------------------------------------------------------------------------x

      Upon the affidavit of Joy Mernone, sworn to on the 12th day of March , 2014, the Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, and upon the copy of the Complaint and other documents attached hereto, and it being alleged that Plaintiffs have no adequate remedy at law, and it being further alleged that Plaintiffs are likely to prevail on the merits of their claims, it is ORDERED, that the above-names Defendants show before this Court, at Room ___, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, at ____ o'clock in the forenoon, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure prohibiting Defendants and all those acting in concert with them, or their officers, agents, servants, employees and attorneys from:

(1) engaging in any business through, or conducting any transactions with, the Plaintiff entities;

(2) engaging in any business, including any purchases or sales, with respect or relating to any products originally procured by Plaintiffs or produced by Plaintiffs' suppliers or vendors;

(3) representing by any means whatsoever, whether directly or indirectly, that Defendants, or any products or services offered by Defendants, or any activities undertaken by Defendants, are in any way associated with or related in any way with Plaintiffs, or any products or services offered by Defendants;

(4) representing by any means whatsoever, whether directly or indirectly, that Defendants manage, operate or participate in the management or operation of the Plaintiffs or any entities associated with Plaintiffs;

(5) representing by any means whatsoever, whether directly or indirectly, that Defendants acquired or were given business(es) or products by Kevin Mernone;

(6) representing by any means whatsoever, whether directly or indirectly, that any of the Plaintiff entities have changed their names or have otherwise ceased operations;

(7) using the names or otherwise infringing upon the trade names or trademarks of any of the Plaintiff parties, including Gluco Perfect, U.S. Health & Home Care and Perfect Care, or any other similar names or marks;

(8) using the names Perfect Gluco or USHH, or any other similar names or marks;

(9) soliciting any clients of Plaintiffs;

(10) soliciting any suppliers or vendors of Plaintiffs;

(11) transferring any assets or business interests to or from Plaintiffs;

(12) engaging in any transactions whatsoever in any bank or other financial account(s) owned by or associated with Defendants Perfect Gluco or USHH;

(13) engaging in any transactions whatsoever in any bank or other financial account(s) owned by or associated with Plaintiffs Gluco Perfect, U.S. Health & Home Care, or Perfect Care;

(14) removing any money or other assets from any bank or other financial account owned by or associated with Defendants.

And it is further ORDERED that the above-names Defendants show before this Court, why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure ordering Defendants and all those acting in concert with them, or their officers, agents, servants, employees and attorneys, to:

(1) provide Plaintiff Joy Mernone with full and immediate access to the entirety of the premises located at 8927 126th Street, Richmond Hill, New York 11418; and

(2) provide Plaintiff Joy Mernone with full and immediate access to all assets, books and records belonging to Gluco Perfect, U.S. Health &

Home Care and Perfect Care, whether located at 8927 126th Street, Richmond Hill, New York 11418 or elsewhere.

And it is further ORDERED, that, until the conclusion of the hearing on this Order To Show Cause, Defendants and all those acting in concert with them, or their officers, agents, servants, employees and attorneys, shall be temporarily restrained from:

(1) engaging in any business through, or conducting any transactions with, the Plaintiff entities;

(2) engaging in any business, including any purchases or sales, with respect or relating to any products originally procured by Plaintiffs or produced by Plaintiffs' suppliers or vendors;

(3) representing by any means whatsoever, whether directly or indirectly, that Defendants, or any products or services offered by Defendants, or any activities undertaken by Defendants, are in any way associated with or related in any way with Plaintiffs, or any products or services offered by Defendants;

(4) representing by any means whatsoever, whether directly or indirectly, that Defendants manage, operate or participate in the management or operation of the Plaintiffs or any entities associated with Plaintiffs;

(5) representing by any means whatsoever, whether directly or indirectly, that Defendants acquired or were given business(es) or products by Kevin Mernone;

(6) representing by any means whatsoever, whether directly or indirectly, that any of the Plaintiff entities have changed their names or have otherwise ceased operations;

(7) using the names or otherwise infringing upon the trade names or trademarks of any of the Plaintiff parties, including Gluco Perfect, U.S. Health & Home Care and Perfect Care, or any other similar names or marks;

(8) using the names Perfect Gluco or USHH, or any other similar names or marks;

(9) soliciting any clients of Plaintiffs;

(10) soliciting any suppliers or vendors of Plaintiffs;

(11) transferring any assets or business interests to or from Plaintiffs;

(12) engaging in any transactions whatsoever in any bank or other financial account(s) owned by or associated with Defendants Perfect Gluco or USHH;

(13) engaging in any transactions whatsoever in any bank or other financial account(s) owned by or associated with Plaintiffs Gluco Perfect, U.S. Health & Home Care, or Perfect Care; and

(14) removing any money or other assets from any bank or other financial account owned by or associated with Defendants.

And it is further ORDERED, that, until the conclusion of the hearing on this Order To Show Cause, Defendants and all those acting in concert with them, or their officers, agents, servants, employees and attorneys, shall:

5

(1) provide Plaintiff Joy Mernone with full and immediate access to the entirety of the premises located at 8927 126th Street, Richmond Hill, New York 11418; and

(2) provide Plaintiff Joy Mernone with full and immediate access to all assets, books and records belonging to Gluco Perfect, U.S. Health & Home Care and Perfect Care, whether located at 8927 126th Street, Richmond Hill, New York 11418 or elsewhere.

And it is further ORDERED, that a copy of this Order, together with the papers upon which it is granted, be served personally or by overnight delivery on Defendants or their attorneys on or before March __, 2014, and that such service shall be deemed good and sufficient.

And it is further ORDERED, that on 2 days notice to Plaintiffs, Defendants may appear and move to dissolve or modify this order.

And it is further ORDERED, that a copy of this Order may be served by Plaintiffs upon any bank or other financial account where the Defendants Perfect Gluco or USHH hold account(s).

Dated: Brooklyn, New York
       March __, 2014

                ENTER:

                _____
                United States District Judge
                Eastern District of New York