UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GLUCO PERFECT, LLC, U.S. HEALTH &
HOME CARE, INC., and JOY MERNONE,
Individually and in her capacity as Executor of
the Estate of Kevin R. Mernone, and
derivatively on behalf of PERFECT CARE,
INC.,

                Plaintiffs,

         -against-

PERFECT GLUCO PRODUCTS, LLC, USHH
PRODUCTS, INC., FRANCINE FREIMAN,
WILLIAM J. GILLEN, ANDRE RAMNAUTH
and JOHN AND JANE DOES 1 THROUGH 10,

                Defendants.
-------------------------------------------------------------x

                ORDER
          14-CV-1678 (KAM) (RER)

## TEMPORARY RESTRAINING ORDER

      On March 13, 2014, plaintiffs Gluco Perfect, LLC, U.S. Health and Home Care, Inc., and Joy Mernone, Individually and in her capacity as Executor of the Estate of Kevin R. Mernone, and derivatively on behalf of Perfect Care, Inc. (collectively "plaintiffs") commenced this action by the filing of a complaint, an application for an Order to Show Cause, affidavits of Joy Mernone and Michael J. Garibaldi, CPA, both sworn to on March 12, 2014, a certification of Stephen Heiser, Esq. as to why notice of the application for an Order to Show Cause for Temporary Restraining Order was not provided to Defendants, and a supporting Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, and supporting exhibits. Because plaintiffs had demonstrated a substantial likelihood of success on the merits, that they had suffered immediate and irreparable injury, loss and damages before the defendants could be heard, and sufficient reasons that notice to the defendants should not be required in light of the

plaintiffs' injuries, losses and damages, and because plaintiffs made repeated and unsuccessful efforts to gain access to the plaintiffs' place of business, assets, books and records, the court issued an Order to Show Cause at 4:30 p.m. on March 13, 2014, which, *inter alia*, directed service on the defendants, a date by which defendants were to respond, temporarily restrained specific conduct by the defendants, and ordered that plaintiffs be granted immediate access to their place of business, assets, books and records.

Following two telephone conferences with the parties on Friday, March 14, at approximately 4:30 p.m., and Sunday, March 16, at approximately 2:30 p.m., the court received submissions on March 17, 2014 from (1) defendants Perfect Gluco Products, LLC, USHH Products, Inc., Francine Freiman, and William Gillen (collectively "Perfect Gluco defendants"), including an affidavit of Francine Freiman with attached exhibits and a letter memorandum; and (2) interested party Glenn Mernone, the 50% owner of plaintiff Perfect Care, Inc., in the form of a letter with attached correspondence from Mitchell Devack, Esq., who also purported to represent plaintiff Perfect Care, Inc.  Because Mr. Devack could not explain the factual circumstances and the legal authority for his appearance on behalf of the already represented plaintiff Perfect Care, Inc. of which plaintiff Joy Mernone and interested party Glenn Mernone are each 50% owners of the shares, the court recognizes Mr. Devack as counsel only for interested party Glenn Mernone until such time as Mr. Devack adequately establishes his authority to appear for Perfect Care, Inc.

On March 18, 2014, the court heard more than three hours of argument at the Order to Show Cause hearing after counsel for the parties agreed to defer the preliminary injunction hearing so that the parties could engage in expedited discovery.  Michelle Rice, Esq. and Stephen Heiser, Esq. appeared for plaintiffs, Joshua Siegel, Esq., appeared for the

2

Perfect Gluco defendants, and Mitchell J. Devack, Esq. and Christine A. Chester, Esq. appeared for interested party Glenn Mernone. Defendant Andre Ramnauth did not appear, despite all defendants having received service of the papers and adequate notice of the hearing.

Upon the court's consideration of the submissions of the parties and the oral arguments at the Order to Show Cause hearing, the court made findings on the record at the conclusion of the March 18, 2014 hearing and issued a temporary restraining order at approximately 6:05 p.m, as set forth in further detail below.

Upon the admissible evidence before the court, the court finds that plaintiffs have established (and defendants have not provided sufficient admissible evidence to the contrary):

(1) that plaintiffs have suffered and/or are in imminent danger of suffering continued immediate and irreparable injury, loss, or damage in the absence of this order based on plaintiffs' showing of the defendants' unauthorized use of the plaintiffs' marks and names; the diversion, misappropriation and taking of plaintiffs' assets, funds, inventory and accounts receivables from plaintiffs' customers and suppliers through the use of misleading and inaccurate representations regarding the ownership and name changes of plaintiffs; the unauthorized writing of checks and transferring of funds from and through plaintiffs' accounts; the failure of Francine Freiman as a servant, operations manager and purported vice-president of the plaintiffs to perform her responsibilities in a manner consistent with her duties as a servant and/or fiduciary of the plaintiffs; all of which have caused injury, loss and damage to plaintiffs' business and has caused customer confusion and the loss and threatened loss of plaintiffs' customers, suppliers, goodwill, financial viability of the

plaintiff entities, and interference with plaintiff Joy Mernone's ability to have access to the premises, assets, books and records of, and be involved in, the plaintiff businesses of which she is the one hundred per cent or fifty per cent shareholder.

(2) that plaintiffs have demonstrated that there is a substantial likelihood of success on the merits of:

    (a) their 1st, 2nd, and 4th claims against all defendants for Trade Name Infringement, Trademark Infringement, Unfair Competition and Misappropriation under the Lanham Act and New York common law,

    (b) their 3rd claim against all defendants for use of plaintiffs' names with intent to deceive,

    (c) their 5th and 6th claims for breach of fiduciary duty against Freiman and faithless servant claim against defendants Freiman and Ramnauth, and

    (d) their 7th and 8th claims for conversion against defendants Freiman and Gillen.

(3) given the parties' request that they be given time to engage in expedited discovery and that they be permitted to make supplemental submissions in advance of the preliminary injunction hearing, the court further finds that good cause exists to extend this order until and including April 10, 2014, on which date the parties shall appear for a preliminary injunction hearing.

THEREFORE, UPON THE COURT'S FINDING that temporary relief is necessary to prevent further immediate and irreparable harm to plaintiffs pending the preliminary injunction hearing, IT IS ORDERED that defendants are restrained from:

(1) engaging in any business through, or conducting any transactions with, the

plaintiff entities, except that defendant Ramnauth shall continue his payroll and other duties for Perfect Care, Inc., under the supervision of Glenn Mernone and Joy Mernone;

(2) engaging in any business, including any purchases or sales, with respect or relating to any products originally procured by plaintiffs or produced by plaintiffs' suppliers or vendors;

(3) representing by any means whatsoever, whether directly or indirectly, that defendants, or any products or services offered by defendants, or any activities undertaken by defendants, are in any way associated with or related in any way with plaintiffs, or any products or services offered by plaintiffs;

(4) representing by any means whatsoever, whether directly or indirectly, that defendants manage, operate or participate in the management or operation of the plaintiffs or any entities associated with plaintiffs;

(5) representing by any means whatsoever, whether directly or indirectly, that defendants acquired or were given business(es) or products by Kevin Mernone;

(6) representing by any means whatsoever, whether directly or indirectly, that any of the plaintiff entities have changed their names or have otherwise ceased operations, including by the forwarding of any telephone calls made to the plaintiff entities to the personal telephone of defendant Freiman; and defendant Freiman shall forthwith remove all forwarding of calls to plaintiffs' telephone numbers and cause the return all of plaintiffs' phone

5

numbers to the location of plaintiffs' businesses;

(7) using the names or otherwise infringing upon the trade names or trademarks of any of the plaintiff parties, including Gluco Perfect, U.S. Health & Home Care and Perfect Care, or any other similar names or marks;

(8) using the names Perfect Gluco or USHH, or any other similar names or marks; however, defendants may seek a modification of such restraint upon defendants' provision to plaintiffs of records of Perfect Gluco and USHH's inventory and pending contracts and orders by March 27, 2014, and plaintiffs shall respond by April 3, 2014;

(9) soliciting any clients of plaintiffs and soliciting any suppliers or vendors of plaintiffs; however, defendants may seek modifications of such conditions following discussions and the exchanges of documents between the parties;

(10) transferring any assets or business interests to or from plaintiffs;

(11) engaging in any transactions whatsoever in any bank or other financial account(s) owned by or associated with Defendants Perfect Gluco or USHH; however, defendants may seek modification of such restraint after defendants provide to plaintiffs certain records of Perfect Gluco's and USHH's inventory, financial records, sales and purchases, contracts and accounts, and other records regarding the source of funds deposited and/or withdrawn, by March 27, 2014 and any response by plaintiffs being made by April 3, 2014; and

(12) engaging in any transactions whatsoever in any bank or other financial

6

        account(s) owned by or associated with Plaintiffs Gluco Perfect, U.S.

        Health & Home Care, or Perfect Care; and it is further

ORDERED that defendants Freiman and Gillen are not restrained from accessing their personal bank accounts, absent a sufficient showing by plaintiffs; and it is further

ORDERED that Mitchell J. Devack, Esq. provide legal and factual authority for his stated intention to represent plaintiff Perfect Care, Inc. in this action, if he seeks to appear for plaintiff Perfect Care, Inc.; and it is further

ORDERED that plaintiff Joy Mernone file a verified complaint if she seeks to bring suit on behalf of Perfect Care, Inc. as a shareholder of that entity, the court having found, during the March 18, 2014 hearing, that plaintiff has otherwise met the pleading requirements of Federal Rule of Civil Procedure 23.1(b); and it is further

ORDERED that Plaintiffs shall give security no later than Friday, March 21, 2014 in the amount of $50,000, an amount that the court considers proper to pay the costs and damages if Ms. Freiman is found to be wrongfully enjoined or restrained, given her annual salary from Perfect Care in the amount of $117,000 (Freiman Aff. ¶ 32), divided by 12 months, and multiplied by what the court expects will be a maximum of approximately five months to conduct the preliminary injunction hearing and a trial on the merits; and it is further

ORDERED that this Order is deemed to be served on all parties and interested party Glenn Mernone via electronic filing on the ECF system on March 19, 2014; and it is further

ORDERED that as requested by the parties, any further submissions in opposition to the plaintiffs' motion for preliminary injunction be served and filed on or

7

before March 31, 2014, and any reply papers be served on or before April 7, 2014, all via electronic filing on the ECF system, with two courtesy copies to be delivered to chambers on the above dates; and it is further

ORDERED that the parties engage in expedited discovery under the supervision of the Honorable Ramon E. Reyes, U.S.M.J., and in good faith discussions to resolve the disputes between them; and it is further

ORDERED that the parties shall appear at a preliminary injunction hearing on April 10, 2014 at 9:00 a.m., before Kiyo A. Matsumoto, United States District Judge, in Courtroom N6G, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
March 19, 2014

/s/
Kiyo A. Matsumoto, U.S.D.J.