UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
GLUCO PERFECT, LLC, U.S. HEALTH &
HOME CARE, INC., and JOY MERNONE,
Individually and in her capacity
as Executor of the Estate of Kevin R.
Mernone, and derivatively on behalf          ORDER
of PERFECT CARE, INC.,                       14-CV-1678 (KAM)

        Plaintiffs,

   -against-

PERFECT GLUCO PRODUCTS, LLC, USHH
PRODUCTS, INC., FRANCINE FREIMAN,
WILLIAM J. GILLEN, ANDRE RAMNAUTH
and JOHN AND JANE DOES 1 THROUGH 10,

        Defendants.
------------------------------------x
**MATSUMOTO, United States District Judge**

      By letter dated March 25, 2014, plaintiffs Gluco Perfect, LLC, U.S. Health & Home Care, Inc., and Joy Mernone, individually and in her capacity as Executor of the Estate of Kevin R. Mernone and derivatively on behalf of Perfect Care, Inc. (collectively "plaintiffs") request that the court order the transfer of all of defendants'[1] inventory located in a warehouse at 1370 Frankton Street, Valley Stream, NY ("the Valley Stream warehouse") to plaintiffs.  Plaintiffs have provided information, and defendants do not dispute, that plaintiffs' suppliers and customers have outstanding and time-

---

[1] For the purposes of this order only, "defendants" refers to Perfect Gluco Products, LLC, USHH Products, Inc., Francine Freiman, William J. Gillen, and John and Jane Does 1 through 10, but not Andre Ramnauth, who is also named as a defendant in the Complaint.

sensitive orders and that non-expired inventory exists in the Valley Stream Warehouse to fill these orders. (*See* Pls. Ltr. dated Mar. 25, 2014, Ex. 1, ECF No. 34; Defs. Ltr. dated March 26, 2014, ECF No. 35.) Both parties acknowledged at the TRO hearing before the court that time is of the essence in this case because much of the inventory at issue will expire in the near future, and the court notes that defendant Freiman has caused further delay of the case by dismissing her counsel of record and requesting additional time to retain a new attorney. (*See* Minute Entry of Proceedings Before Magistrate Judge Reyes dated Mar. 25, 2014.)

As the parties know, it is a violation of the Order to Show Cause and Temporary Restraining Order entered by the court respectively on March 13 and 19, 2014 for defendants to, *inter alia*, engage in any business related to any products originally procured by plaintiffs or produced by plaintiffs' vendors or suppliers; represent that defendants, or any products or services offered by defendants, or any activities undertaken by defendants, are in any way associated with or related to plaintiffs, or any products or services offered by plaintiffs; represent that defendants manage, operate or participate in the management or operation of the plaintiffs or any entities associated with plaintiffs; use the name or otherwise infringe upon the trade names or trademarks of any of the plaintiff

parties; use the name Perfect Gluco or USHH or similar names; solicit any clients, suppliers or vendors of plaintiffs; and transfer any assets or business interests to or from plaintiffs. (Order to Show Cause ¶¶ 1-4, 7-11, ECF No. 4; TRO ¶¶ 2-4, 7-10, ECF No. 25.)

Therefore, **the court hereby orders that defendant Francine Freiman, who appears to have sole control of the Valley Stream warehouse, allow plaintiffs and their counsel access to defendants' inventory at the Valley Stream warehouse forthwith, in the presence of both parties, and provide an accounting of all inventory in the warehouse. The court further orders that defendants provide plaintiffs with all of defendants' inventory that is the subject of outstanding orders by plaintiffs' customers; all inventory bearing any of plaintiffs' marks; and all inventory that has been obtained under the name Perfect Gluco or USHH or that customers have ordered from Perfect Gluco or USHH. Plaintiffs shall account for this inventory and hold any proceeds from the sale of such inventory in escrow, pending further application by the parties.**

The court will address the apparent violation of the Temporary Restraining Order by Francine Freiman on a future date, upon notice and an application by plaintiffs. In the interim, defendant Freiman shall ensure that she has provided any records of the March 14, 2014 transaction identified by

3

plaintiffs to plaintiffs' counsel, if she has not already done so. In addition to complying with the court's order, the parties shall submit a proposed modified schedule for preliminary injunction briefing and hearing by March 28, 2014 if they seek an adjournment of the hearing. Because Joshua Siegel, Esq. is still counsel of record for the Perfect Gluco defendants, he shall serve the Perfect Gluco defendants with this order immediately and file proof of service by March 27, 2014. Plaintiffs shall also serve a copy of this order on all defendants and file proof of service by close of business on March 27, 2014.

**SO ORDERED.**

Dated:    March 26, 2014
            Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York