```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

GLUCO PERFECT, LLC, U.S. HEALTH & HOME           MEMORANDUM & ORDER
CARE, INC., JOY MERNONE, individually            14-CV-1678 (KAM)(RER)
and in her capacity as Executor of the
Estate of Kevin R. Mernone and
derivatively on behalf of Perfect
Care, Inc., and PERFECT CARE, INC.,

                    Plaintiffs,

     -against-

PERFECT GLUCO PRODUCTS, INC., USHH
PRODUCTS, INC., FRANCINE FREIMAN,
WILLIAM J. GILLEN, GLENN MERNONE,
PERFECT CARE SOLUTIONS, INC., and JOHN
AND JANE DOES 1 THROUGH 10

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On March 13, 2013, plaintiffs Gluco Perfect, LLC ("Gluco"), U.S. Health & Home Care, Inc. ("U.S. Health"), Joy Mernone, individually and in her capacity as Executor of the Estate of Kevin R. Mernone and derivatively on behalf of Perfect Care, Inc., and Perfect Care, Inc. commenced this suit against defendants Perfect Gluco Products, Inc. ("Perfect Gluco"), USHH Products, Inc. ("USHH"), Francine Freiman, William Gillen (collectively, the "Freiman defendants"), and Andre Ramnauth. (ECF No. 1.) On June 6, 2014, plaintiffs filed an Amended Complaint, adding Glenn Mernone and Perfect Care Solutions, Inc.

("Perfect Care Solutions") as defendants. (Am. Compl., ECF No. 53.) Presently before the court is plaintiffs' motion for default judgment against the Freiman defendants and Perfect Care Solutions or, in the alternative, to strike their untimely answer. (ECF No. 104.) For the reasons stated herein, plaintiffs' motion is denied.

## BACKGROUND[1]

On March 13, 2013, the same day that plaintiffs commenced this action, plaintiffs also moved *ex parte* for entry of a temporary restraining order ("TRO") against defendants Perfect Gluco, USHH, Francine Freiman, William Gillen, and Andre Ramnauth. The plaintiffs established good cause as to why notice should not be required. On the same day, the court entered a TRO and an order to show cause ("OTSC") as to why a preliminary injunction should not be granted, and set an order to show cause hearing for March 18, 2014. The parties and Glenn Mernone appeared for the hearing on March 18, 2014. Following the hearing, the court extended the TRO. (ECF No. 25.) Glenn Mernone, who was then a self-described "interested party,"

---

[1] The court summarizes the procedural and factual history relevant to the court's decision on plaintiffs' motion for default judgment. Otherwise, the court assumes familiarity with the procedural and factual background of this case, which is summarized in detail in the Memorandum and Order entering a preliminary injunction against the Freiman defendants and Perfect Care Solutions. (ECF No. 89.)

2

appeared through counsel for all of the above hearings and conferences and was served with a copy of the OTSC and TRO.

At the request of the parties, the TRO was continued and a preliminary injunction hearing was initially scheduled for April 10, 2014. (*See* Minute Entry dated March 25, 2014.) After numerous mutual requests for extensions by the parties, the preliminary injunction hearing was finally rescheduled for July 24, 2014. (Order dated June 19, 2014.)

Pursuant to the case management plan, the Freiman defendants' answer was due on May 2, 2014. (Affirmation of Michelle A Rice in Support of Mot. for Default J. ("Rice Aff.") at ¶ 14, ECF No. 104-1.) In an email dated April 9, 2014, counsel for plaintiffs notified Freiman defendants of the date by which their answer needed to be filed: "Answers to the Complaint will be due by May 2nd or within 21 days of service of an amended complaint, whichever is later." (*Id.* at ¶ 19.) Counsel for Freiman defendants responded that "I now see that the May 2 date for an answer appears in the case management plan. Since you are proposing no change, there is no need to address that." (*Id.*)

On June 6, 2014, prior to the preliminary injunction hearing but after the entry of the TRO, plaintiffs filed an Amended Complaint, adding Glenn Mernone and Perfect Care

3

Solutions as defendants. (Am. Compl., ECF No. 53.) Thus, pursuant to the case management plan, and as stated in the email from counsel for plaintiffs dated April 9, 2014, defendants' answer to the Amended Complaint was due within 21 days of service of the Amended Complaint, on June 27, 2014.

The preliminary injunction hearing commenced on July 24, 2014 and continued and was concluded on July 25, 2014. On July 30, 2014, plaintiffs dismissed Andre Ramnauth as a defendant. (Stipulation of Dismissal, ECF No. 73.) On August 15, 2014, defendant Glenn Mernone filed his answer to the Amended Complaint. (ECF No. 83.) During a settlement conference before Magistrate Judge Reyes on February 18, 2015, plaintiffs settled the case against Glenn Mernone. (Rice Aff. ¶ 48; Minute Entry dated Feb. 20, 2015 for Settlement Conference dated Feb. 18, 2015.) Later in the day on February 18, 2015, the Freiman defendants and Perfect Care Solutions (collectively, the "remaining defendants") filed their answer to the Amended Complaint ("Answer"), almost eight months after its due date of June 27, 2014. (ECF No. 100.)

**DISCUSSION**

**A. Legal Standard**

*1. Default Judgment*

"Strong public policy favors resolving disputes on the merits." *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits."). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

Federal Rule of Civil Procedure 55 ("Rule 55") prescribes "the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 provides a "two-step process" for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005).

"The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The entry of default is governed by Rule 55(a), which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Mickalis Pawn Shop,* 645 F.3d at 129. "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *Mickalis Pawn Shop*, 645 F.3d at 128.

The second step, entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.*

2. *Motion to Strike*

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") allows the court upon a proper motion or its own initiative to "order stricken from any pleading any insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter."
Fed. R. Civ. P. 12(f). In particular, "a defense should be
struck when it is clearly irrelevant and frivolous and its
removal from the case would avoid wasting unnecessary time and
money litigating the invalid defense." *SEC v. Electronics
Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891
F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 942 (1990)
(citations omitted). The Second Circuit has stated:

> A motion to strike an affirmative defense under Rule
> 12(f), Fed. R. Civ. P. for legal insufficiency is not
> favored and will not be granted unless it appears to a
> certainty that plaintiffs would succeed despite any
> state of the facts which could be proved in support of
> the defense. Moreover, even when the facts are not
> disputed, several courts have noted that a motion to
> strike for insufficiency was never intended to furnish
> an opportunity for the determination of disputed and
> substantial questions of law.

*Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.
1984), *vacated on other grounds*, 478 U.S. 1015 (1986) (internal
citations omitted); *see also Lennon v. Seaman*, 63 F. Supp. 2d
428, 446 (S.D.N.Y. 1999) (motions to strike "are not favored and
will not be granted unless it is clear that the allegations in
question can have no possible bearing on the subject matter of
the litigation").

**B. Application**

Applying Rule 55's two-step test, the court first
considers whether remaining defendants have "failed to plead or

7

otherwise defend" to merit an entry of default pursuant to Rule 55(a). At the time that plaintiffs moved for entry of default and default judgment, the remaining defendants had answered the Amended Complaint, albeit almost eight months after the time to respond had expired. It is undisputed that the remaining defendants have defended and continue to actively "otherwise defend" themselves in this litigation by opposing plaintiffs' requests for a TRO and preliminary injunction, engaging in discovery, and opposing the instant motion for default judgment.

Although the court is troubled by the allegations that the remaining defendants have violated the TRO and by defendant Francine Freiman's apparent lack of credibility at the preliminary injunction hearing, these circumstances do not constitute a failure to otherwise defend pursuant to Rule 55(a). In *City of New York v. Mickalis Pawn Shop*, the Second Circuit outlined the two circumstances under which default was proper for failure to otherwise defend when defendants had filed an answer: (1) where a defendant signals to the district court "its intention to cease participating in its own defense, even after the defendant was clearly warned that a default would result," *i.e.*, by refusing to proceed to trial; and (2) where a corporate defendant "withdrew its counsel without retaining a substitute." 645 F.3d at 130. The remaining defendants'

alleged wrongdoing and obstructive conduct do not fit in either of the cessation of defense or failure to retain corporate counsel categories and, thus, entry of default for failure to defend is not appropriate here. Based on this record, the court declines enter default, which "formalizes a judicial recognition that defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis Pawn Shop,* 645 F.3d at 128.

Plaintiffs contend that the filing of a late answer is analogous to a motion to vacate default, and that the court should thus consider the following criteria to determine whether default should be vacated: (1) whether the default was willful, (2) whether setting aside the default would prejudice plaintiffs, and (3) whether a meritorious defense is presented. (Pls.' Mem. of Law in Support of Mot. for Default J. ("Pls.' Mem.") at 8, ECF No. 104-25.) Other district courts have noted, however, that this practice "is not appropriate" where no default was entered and the answer was filed prior to the motion for default judgment. *Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171, 2015 WL 999981, at *3 (S.D.N.Y. Mar. 5, 2015); *Alli v. Steward-Bowden*, No. 11 CIV. 4952, 2012 WL 3711581, at *3 (S.D.N.Y. Aug. 24, 2012) *report and recommendation adopted*, No. 11 CIV. 4952, 2012 WL 4450987 (S.D.N.Y. Sept. 25, 2012). Given

the procedural posture of the case and in light of the well-established principle that disputes should be resolved on the merits, the court finds that applying the standard for vacating a default to plaintiffs' motion to enter a default is not appropriate here.[2]

Further, the court is not persuaded by plaintiffs' arguments in support of their motion to strike "that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer,* 744 F.2d at 939. Consequently, the court denies plaintiffs' motion to strike remaining defendants' Answer.

## **CONCLUSION**

For the reasons stated herein, plaintiffs' motion for default judgment is denied. The court also denies plaintiffs' motion in the alternative to strike the Answer. Pursuant to

---

[2] In any event, even applying the standard to vacate a default, the court also finds that entry of default and default judgment should be denied. The court finds that although the remaining defendants willfully filed their answer late, plaintiffs have failed to demonstrate that the delay has caused, or will cause, any prejudice to the plaintiffs. Despite failing to file an answer to the Amended Complaint for almost eight months past the due date, at no point prior to the filing of the Answer did plaintiffs request entry of default from the Clerk of the Court, nor did plaintiffs move for default judgment until after the Answer was filed. Additionally, the court cannot mechanically grant judgment to plaintiffs based solely on the evidence taken and findings made at the preliminary judgment hearing, because the evidentiary burdens and standards for summary judgment or trial differ from a preliminary injunction hearing. *See Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 274 (2d Cir. 1992) ("A preliminary determination of likelihood of success on the merits in a ruling on a motion for preliminary injunction is ordinarily tentative, pending a trial or motion for summary judgment.").

Judge Reyes' Order dated November 24, 2015, the parties must file pre-motion letters for any dispositive motions within two weeks of the date of this Memorandum and Order.

**SO ORDERED.**

Dated:   January 7, 2016
         Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge